IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNY BEANE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-00591-GPM |
| | ) | |
| PAM RICHARDSON | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), and his motion to appoint counsel (Doc. 3). Being fully advised of the premises, the Court **GRANTS** the (Doc. 2) motion for leave to proceed *in forma pauperis* and **GRANTS** the (Doc. 3) motion to appoint counsel as follows:

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g. Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). Under Local Rule 3.1 (b), any person seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 shall submit an affidavit of poverty, which shall conform, as nearly as possible and as applicable, with the form affidavit used pursuant to 28 U.S.C. § 2254.

In this case, the declaration supporting Plaintiff's application contains the requisite information and states that he is presently unemployed. He currently receives social security

benefits of $776.40 per month. Because he is on social security, it is likely that he has some sort of public housing arrangement. He has no money in any checking or savings account. The only valuable property that Plaintiff has is a car that he jointly owns with his father. Based on Plaintiff's limited income and lack of savings, the Court finds him to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

As an additional matter, the Court has reviewed Plaintiff's complaint and finds that, at this time, the action does not appear to be frivolous or malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or facts to support his claim for relief).

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** as to this Court only. The Clerk of Court is **DIRECTED** to provide Plaintiff with a blank form of summons and three blank forms USM-285. Plaintiff is **ORDERED** to complete the form of summons and return it to the Clerk of Court. The Clerk of Court **SHALL** issue the completed summons. Unless service is waived pursuant to Federal Rule of Civil Procedure 4(d), the United States Marshal **SHALL**, in accordance with Rule 4(i), (1) personally or by registered or certified mail serve upon Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order; (2) personally or by registered or certified mail addressed to the process clerk, serve upon the United States Attorney for the Southern District of Illinois copies of the summons, complaint, and this Memorandum and Order; and (3) by registered or certified mail, serve upon the Attorney General of the United States at Washington, D.C., copies of the summons, complaint, and this Memorandum and Order. All costs of service shall be advanced by the United States. Plaintiff is responsible for providing all necessary materials, including the appropriate

number of USM-285 forms, and any necessary copies to the United States Marshal's Service. In completing the steps set forth above, Plaintiff is **ADVISED** pursuant to Rule 4(m) that this action will be dismissed without prejudice if service is not effected within 120 days of the date of this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or upon Defendant's attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the Court.

Plaintiff's motion to appoint counsel (Doc. 3) is also **GRANTED.** Pursuant to 28 U.S.C. § 1915(e)(1) and Local Rule 83.1(i), attorney David J. Philipps is appointed to represent Plaintiff in this Court for all remaining pretrial and trial proceedings. Attorney Philipps is encouraged to share his responsibilities with an associate who is also admitted to practice in this District Court. Attorney Philipps shall enter his appearance on or before July 3, 2012. Attorney Philipps is also **ORDERED** to file a new complaint on behalf of Plaintiff articulating a cognizable claim, if possible.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is attorney Philipps who is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous

pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plainitff to pursue additional claims or to abandon certain existing claims. Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. The Court will not accept any filings from Plaintiff individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. Counsel is advised that authority to incur limited out-of-pocket expenses (up to $2,500) may be requested and approved for reimbursement through the Plan for the Administration of the District Court Fund. A reimbursement voucher can be found on the U.S. District Court for the Southern District of Illinois website. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. Counsel is encouraged to enter into a contingent fee

contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail.

The Clerk of the Court is directed to send a copy of this order and the standard letter concerning appointment of counsel to attorney Philipps.

**IT IS SO ORDERED.**

DATED: June 19, 2012

_____
G. PATRICK MURPHY
United States District Judge